UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CORNELIUS JONES,**<br><br>    Plaintiff,<br><br>vs.<br><br>**CHARLES OVERTON HOOD, LASALLE BANK, and SAMUEL JACKSON,**<br><br>    Defendants. | **2:24-CV-11164-TGB-CI**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER AFFIRMING ORDER ADDRESSING PLAINTIFFS' RECENT FILINGS (ECF NO. 27), AND**<br><br>**ADOPTING REPORT AND RECOMMENDATION (ECF NO. 29)** |

Plaintiff Cornelius Jones has brought this civil action, representing himself, alleging fraud in connection with a trust by its two co-trustees and a third person. Magistrate Judge Curtis Ivy, Jr. issued an Order Addressing Recent Filings, ECF No. 27, and a Report and Recommendation, ECF No. 29, and Jones has filed Objections to those rulings. In his Order Addressing Plaintiff's Recent Filings, Judge Ivy denied Plaintiff's motions to compel contained within certain filings and struck Plaintiff's untimely filed "Amended Complaint." ECF No. 27. In his Report and Recommendation, Judge Ivy recommended that the motions to dismiss filed by Defendants Lasalle Bank and Samuel Jackson, ECF Nos. 15, 19, be granted. ECF No. 29. Plaintiff Cornelius

1

Jones filed objections to both the Order, ECF No. 28, and the Report and Recommendation. ECF No. 31.

For the reasons set forth below, Jones' Objections to both the Order and the Report and Recommendation will be **OVERRULED**, Judge Ivy's Order Addressing Recent Filings will be **AFFIRMED**, and the Report and Recommendation will be **ACCEPTED** and **ADOPTED** in full as this Court's findings of fact and conclusions of law. Further, Defendants Samuel Jackson's and Lasalle Bank's motions to dismiss will be **GRANTED**.

## I. BACKGROUND

### A. Factual Background

On May 1, 2024, Plaintiff Cornelius Jones, proceeding pro se, brought this action against Defendants Charles Overton Hood, Lasalle Bank, and Samuel Jackson for allegedly unlawful conduct related to the "Dr. Samuel B Hood Land Trust and Living Trust." Compl., ECF No. 1. The factual allegations in Plaintiff's Complaint are sparse, but Jones alleges that Defendants Lasalle Bank and Samuel Jackson are co-trustees, *id.* PageID.2–3, and that Dr. Samuel B. Hood (for whom the trust is named) was purportedly the uncle of both Plaintiff Jones and Defendant Charles Overton Hood. *Id.* PageID.5, 7.

Plaintiff's Complaint alleges that Hood kept Jones "in the dark for years" and "intentionally and deliberately fail[ed] to disclose material fact[s]" about the trust and "commit[ted] embezzlement and fraud,"

2

header
causing Jones "financial [h]ardship from 1992–2002–04 and continu[ing] th[rough] 2023." *Id.* PageID.5. Jones further alleges that Hood "liv[ed] in [a] trust property" in Chicago, Illinois, "fail[ed] to pay property taxes" and "fail[ed] to release trust property to Beneficiary." *Id.* Jones alleges that Lasalle Bank "owes $65,000,000.000 from [a] real estate investment trust for Assignment of Beneficial interest owe[d] to" Jones, and that Lasalle Bank did not release trust information to Jones and thus violated Jones' "rights since [J]an[uary] 1993," causing "financial [h]ardship." *Id.* Plaintiff's Complaint, however, contains no factual allegations against Defendant Jackson. Plaintiff's Complaint then lists seven properties—five in Chicago, Illinois, one in Los Angeles, California, and one in Raleigh, North Carolina. *Id.* PageID.7.

Based on these allegations, Jones asserts claims for "(1) trustee breach of fiduciary duty[;] (2) failure to properly administer distribution[;] (3) failure to properly administer trust account; [and (4)] fail[ure] to detect embezzlement by legal representative[,]" seeking actual and exemplary or punitive damages. *Id.* PageID.6.

### B. Procedural History

Defendant Samuel Jackson filed a motion to dismiss on January 27, 2025. ECF No. 15. Jackson argues that the claims against him should be dismissed for insufficient service of process, the lack of personal jurisdiction, and failure to state a claim. *Id.* PageID.103. The Court ordered Jones to file a response to Jackson's motion. ECF No. 18. Jones


then filed two timely purported responses. ECF Nos. 20, 23. The first response, ECF No. 20, however, did not mention Defendant Jackson or his motion to dismiss, and instead appears to be directed to a non-existent motion for dismiss by Defendant Hood. Jones' second response brief, ECF No. 23, names Defendant Jackson and contends, in part, that the Court has personal and subject matter jurisdiction to hear this case.

On February 14, 2025, Defendant Lasalle Bank filed its motion to dismiss. ECF No. 19. Lasalle Bank asserts that this Court lacks personal jurisdiction over it, that this Court is an improper venue, the claims against it are time-barred, and the Complaint fails to meet minimum pleading requirements. *Id*. PageID.128–29. The Court ordered Jones to respond, ECF No. 21, and Jones filed a purported response in opposition, ECF No. 24, but failed to address the arguments made by Lasalle Bank in its motion to dismiss. Lasalle Bank filed a reply brief in support of its motion arguing in part that the Court should grant its motion to dismiss as unopposed. ECF No. 26.

Included in all three of Jones' "response" briefs to the motions to dismiss are "motions to compel discovery." *See* ECF Nos. 20, 23, 24. In addition, Jones also filed a "Notice of Additional Defendants," which he titled "Amended Complaint." ECF No. 25.

On April 7, 2025, Judge Ivy entered an Order Addressing Plaintiff's Recent Filings, ECF No. 27, addressing Jones' three purported response briefs and his Notice of Additional Defendants. In that Order, Judge Ivy

4

denied without prejudice Jones' motions to compel contained within the response briefs as improper and premature. *Id.* PageID.174. He also struck the Notice of Additional Defendants as an untimely "Amended Complaint." Jones filed an objection to this Order. ECF No. 28

Then, on May 1, 2025, Judge Ivy entered a Report and Recommendation ("R&R") recommending that the motions to dismiss by Jackson and Lasalle Bank be granted and that Jones' claims against them be dismissed without prejudice because this Court lacks personal jurisdiction over either Defendant. ECF No. 29. Jones filed a timely objection to that R&R. ECF No. 29.

## II. STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court will make a "de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

Pursuant to Federal Rule of Civil Procedure 72(a), a party may also object to a magistrate judge's orders on non-dispositive matters "within fourteen days after being served with a copy." The Court "must consider

timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Thus, only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The parties have a duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specifically consider."). "A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (Cleland, J.). Furthermore, "[a]n 'objection' that does nothing more than disagree with a magistrate judge's determination, 'without explaining the source of the error,' is not considered a valid objection." *Id.* (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). "[A]bsent compelling reasons," objecting parties may not raise new arguments or issues that were not previously presented to the magistrate judge. *United States v. Santos*, 1:18-cr-20719, 2021 WL 5563972, at *5 (E.D. Mich. Nov. 29, 2021) (Ludington, J.) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

6

## III. DISCUSSION

### A. Order Addressing Plaintiff's Recent Filings

On April 7, 2025, Judge Ivy issued an order addressing four of Jones' recent filings—three purported response briefs to Defendants Jackson's and Lasalle Bank's motions to dismiss that also included motions to compel, and a Notice of Additional Defendants. ECF No. 27. In that Order, Judge Ivy first noted that ECF No. 20 appears to be a response brief to a non-existent motion to dismiss from Defendant Charles Overton Hood (who has yet to appear in this matter), and thus he declined to treat Jones' filing at ECF No. 20 as a response to Jackson's motion to dismiss. *Id.* PageID.173 (instead treating ECF No. 23 as Jones' response to Jackson's motion to dismiss).

Judge Ivy then denied without prejudice Jones' motions to compel contained within the filings in ECF Nos. 20, 23, 24 as improper and premature. He explained that under the Court's Local Rules, "[m]otions must not be combined with any other stand-alone document," E.D. Mich. LR 7.1(i), and thus combining the motions to compel with the response briefs was improper. Judge Ivy also stated that a motion to compel would be premature in any event because the parties have not yet conducted a Case Management Conference pursuant to Rule 26(f), and Fed. R. Civ. P. 26(d)(1) prohibits discovery from "any source" before that conference has taken place. *Id.* PageID.174. Judge Ivy further noted that there are two motions to dismiss pending and "a plaintiff is generally not entitled to

7

discovery before a motion to dismiss has been decided, and allowing such discovery undermines the purpose of the Federal Rule of Civil Procedure 12(b)(6), which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id.* (quoting *Greve v. Bass*, No. 3:16-CV-372, 2017 WL 387203, at *2 (M.D. Tenn. Jan. 27, 2017)).

Finally, Judge Ivy struck the document titled "Notice of Additional Defendants" at ECF No. 25, which he construed as an amended complaint. Judge Ivy explained that Fed. R. Civ. P. 15(a)(1) allows a party to amend their pleading once as a matter of course within 21 days of service of a motion to dismiss, but that Plaintiff filed this "Notice" more than 21 days after service of the last motion to dismiss. *Id.* PageID.175. Jones also has not obtained consent of the opposing parties or leave of the Court to file an amended complaint, as provided by Fed. R. Civ. P. 15(a)(2).

On April 15, 2025, Jones filed a document titled "Objection Pleading," which appears, based on the timing of the filing, to be an objection to Judge Ivy's April 7, 2025 Order. ECF No. 28. "Objections to a magistrate judge's non-dispositive order must be both timely and specific." *Peterson v. Burris*, No. 14-cv-13000, 2016 WL 3995937, at *1 (E.D. Mich. July 26, 2016) (Ludington, J.) (citing *Slater v. Potter*, 28 F. App'x 512, 512 (6th Cir. 2002)). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the

8

magistrate [judge] and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Howard*, 932 F.2d at 509.

While Jones' objection is timely, it is not specific and he fails to address how Judge Ivy's Order is in any way clearly erroneous or contrary to law. In fact, Jones fails to address Judge Ivy's ruling as to the motions to compel or Notice of Additional Defendants at all, instead generally addressing Defendants' motions to dismiss, which he asserts should be denied. ECF No. 28. Jones therefore has wholly failed to meet his burden to articulate any specific objection to Judge Ivy's Order.

The Court finds that Judge Ivy's Order is not clearly erroneous or contrary to law, and Jones' Objection to it, ECF No. 28, is **OVERRULED**.

### B. Report and Recommendation

The R&R explained in a very thorough and well-reasoned decision why Defendants Jackson's and Lasalle Bank's motions to dismiss should be granted and that Jones' claims against those two Defendants should be dismissed without prejudice under Fed. R. Civ. P. 12(b)(2) because this Court lack personal jurisdiction over those Defendants. ECF No. 29.

### 1. Defendant Jackson's Motion to Dismiss

As to Defendant Jackson's motion to dismiss, the R&R explained that neither of Michigan's long-arm statutes, MCL §§ 600.701 or 600.705, apply to Jackson, who is domiciled in Illinois, has never lived in

9

Michigan, and does not currently, and has not previously, conducted business within the State of Michigan. *Id.* PageID.185–86. The R&R then went on to explain that, for those same reasons, Michigan lacks general or specific personal jurisdiction over Jackson, as Jackson has no relationship with Michigan and nothing in Plaintiff's Complaint or response brief supports the notion that any such alleged actions occurred in Michigan. *Id.* PageID.187–88. Indeed, as noted above, Plaintiff's Complaint fails to include any factual allegations regarding Jackson. Judge Ivy therefore recommended that Jackson's motion to dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(2).

### 2. Lasalle Bank's Motion to <u>Dismiss</u>

As to Defendant Lasalle Bank's motion to dismiss, the R&R assumed that while Michigan's long-arm statute applies to Lasalle Bank under MCL § 600.715(1), the Court lacks general personal jurisdiction over Lasalle Bank because Jones does not allege that Michigan is Lasalle Bank's state of incorporation or home to its principal place of business, and the Court lacks specific personal jurisdiction because Jones failed to allege that his claims "arise out of or relate to" Lasalle Bank's contacts in Michigan. *Id.* PageID.191–93. The R&R further notes that Lasalle Bank is now Bank of America, N.A., and that, as is the case for Lasalle Bank, Michigan is not "home" to Bank of America—it is not its principal place of business nor its state of incorporation. *Id.* PageID.191 n.7. Judge Ivy found that Jones has not claimed that any of the alleged wrongdoing by

Lasalle Bank/Bank of America occurred in Michigan, contending only that Jones himself was negatively affected in Michigan. Consequently, the R&R recommended that Lasalle Bank's motion to dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(2).

### 3. Plaintiff's Objections to the R&R

On May 12, 2025, Jones filed his "Response to the Report and Recommendation to Grant Defendants' Motion[s] to Dismiss," listing nine objections to Judge Ivy's R&R. ECF No. 31. However, as discussed more fully below, of those nine objections, only one—Objection No. 8—appears to address Judge Ivy's decision in his R&R in any manner. The remaining Objections are not relevant to the subject matter of the R&R, and therefore are irrelevant. The Court will address Jones' nine objections in turn.

### a. Objections 1 and 2:

"Objection 1: Plaintiff objects to dismissal because Bank of America, as the successor by merger to Lasalle Bank Trust Corporation, inherited fiduciary responsibilities relating to the Dr. Samuel B. Hood Land Trust and Living Trust. Pursuant to MCL 700.7814, trustees must inform beneficiaries of the existence of the trust, their status, and other relevant information. Bank of America's failure to notify beneficiaries between 1992 and 2025 constitutes an ongoing breach of fiduciary duty, actionable under Michigan law."

"Objection 2: Plaintiffs object to dismissal because Bank of America continues to serve as trustee for Trust No. 60137809, which manages properties located in multiple jurisdictions, including 8543 S. May Street, Chicago, Illinois. The Court has jurisdiction under 28 U.S.C. § 1332 due to complete diversity and a controversy exceeding $75,000. The trustee's

11

operations and mismanagement affected trust assets and beneficiaries in Michigan and other states, making federal venue proper."

These first two Objections address the merits of Jones' claims against Lasalle Bank, subject matter jurisdiction, and venue, and not whether the Court has personal jurisdiction over this Defendant, which was the sole basis for the R&R's recommendation to grant Lasalle Bank's motion to dismiss. The merits of Jones' claim or whether subject matter exists or venue is proper are not relevant to whether Jones has sufficiently pled that the Court has *personal jurisdiction* over this Defendant. Because these objections are not relevant to the conclusions of Judge Ivy in his R&R, they are **OVERRULED**. *See El Bey v. Branstool*, No. 2:23-cv-1258, 2024 WL 2952374, at *3 (S.D. Ohio June 12, 2024) ("This objection is not relevant to the dispositive holding [recommended by the report and recommendation] that the complaint fails to state a claim upon which relief may be granted and, thus, it is **OVERRULED** as irrelevant.") (emphasis in original); *McGibbon v. Stephenson*, No. 2:22-CV-12167, 2023 WL 8543146, at *3 (E.D. Mich. Dec. 11, 2023) (Drain, J.) ("[T]he Court will overrule Plaintiff's second objection because his arguments 'do not address the substance of the Magistrate Judge's report and recommendation and are irrelevant.'") (citation omitted); *Dodson v. United States*, No. 17-11472, 2019 WL 1034215, at *5 (E.D. Mich. Mar. 5, 2019) (Michelson, J.) ("This objection does not affect the Report's recommendation and will be overruled.")

### b. Objections 3, 4, 5

"Objection 3: Plaintiff objects to dismissal because Samuel Jackson concealed material trust information from the lawful beneficiaries while assisting persons not named in the trust. This violates MCL §§ 700.7814(1)(b) and 799.7802, which requires fiduciaries to act with loyalty, disclose material facts, and protect beneficiaries' rights. His conduct also qualifies as fraudulent concealment under MCL 600.5855, tolling any statute of limitations."

"Objection 4: Plaintiff objects to dismissal because Samuel Jackson actively interfered with the legal authority of the Executor (Plaintiff), the Successor Trustee Watkins, and the Beneficiary Watkins. These actions violate MCL § 700.7817 and constitute obstruction of lawful trust administration, supported by documentation in ECF Nos. 15, 16, 27, and 29."

"Objection 5: Plaintiff objects to dismissal because Samuel Jackson failed his fiduciary duty to notify trust beneficiaries of real estate properties in his possession, which are held in trust. Specific failures to disclose are detailed in ECF No. 6 at pages 37, 39, 56, and 57. These actions breach MCL §§ 700.7813 and 700.7814 and violate Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure."

These objections, like the ones above with respect to Lasalle Bank, have nothing to do with whether the Court has personal jurisdiction over Defendant Jackson. They are therefore irrelevant and will be **OVERRULED.** *See El Bey*, 2024 WL 2952374, at *3; *McGibbon*, 2023 WL 8543146, at *3; *Dodson*, 2019 WL 1034215, at *5.

### c. Objections 6 and 7

"Objection 6: Plaintiff objects to dismissal because Charles Overton Hood concealed trust-related information for properties held in trust, including but not limited to documents identified in ECF No. 6 at pages 27, 28, 29, 33, 41, 42, 43, 44, and 45. Hood's concealment of trust

13

information violates MCL § 700.7814, which mandates transparency and full disclosure to beneficiaries, and MCL § 700.7901(2)(c), which allows the Court to impose remedies for breach of trust."

"Objection 7: Plaintiff further objects to dismissal by Charles Everton Hood on procedural grounds. Hood never filed a motion to dismiss. The record shows (Summons Tracking No. 9589-0710-0231-9475-08) that he was served on December 9, 2024, but the corresponding proof of service box was not properly checked. Nevertheless, the U.S. Marshal's documentation confirms service. His failure to timely respond does not entitle him to dismissal and violates Federal Rule of Civil Procedure 4(e)."

The Magistrate Judge's R&R only addresses the motions to dismiss filed by Defendants Jackson and Lasalle Bank and finds that the Court lack personal jurisdiction over those two Defendants. Defendant Hood has not filed a motion to dismiss. Accordingly, these objections as to Defendant Hood are irrelevant and will be **OVERRULED.** *See El Bey*, 2024 WL 2952374, at *3; *McGibbon*, 2023 WL 8543146, at *3; *Dodson*, 2019 WL 1034215, at *5.

### d. Objection 8

"Objection 8: Plaintiffs objects to Defendants' challenge to personal jurisdiction. This Court has both personal and subject matter jurisdiction under MCL § 600.705(2) and § 600.711. Defendants' actions caused harm in Michigan and relate directly to property located in this forum. Under International Shoe Co. v. Washington, 326 U.S. 310 (1945), their actions satisfy the constitutional requirements for minimum contacts. ECF No. 29, pages 3-15, provides additional jurisdictional support."

While Jones does mention "personal jurisdiction" in this Objection, the law is clear that a plaintiff cannot merely "dispute[ ] the correctness of the magistrat[e judge]'s recommendation," without citing to, or

"specify[ing] the findings []he believed were in error." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objection "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Howard*, 932 F.2d at 509. Here, Jones fails to meet this standard. Further, contrary to the Objection's unsupported reference to "harm in Michigan" and "property located in this forum," the Complaint contains no allegations of any activity occurring in Michigan. Rather, all alleged activity occurred in states other than Michigan, and all properties listed in the Complaint are located in other states.

While the Court recognizes that pro se pleadings should be liberally construed, Jones fails to pinpoint any particular issue, or explain upon what basis, the cited rules might support an objection to the Magistrate Judge's R&R. Where a party presents an objection that does "not specifically address how [a] report's factual and legal recommendations [are] incorrect," that objection is "waived." *Fields v. Lapeer 71-A Dist. Court* Clerk, 2 F. App'x 481, 482 (6th Cir. 2001). Consequently, Jones' conclusory Objection 8 is **OVERRULED**.

### e. Objection 9

"Objection 9: Plaintiff objects to the Defendants' failure to comply with their obligations under the Federal Rules of Civil Procedure, including Rules 26(f), 30(a)(2)(C), and 34. Defendants have refused to provide discovery and have presented inaccurate or misleading information. Under 18 U.S.C. § 1001, knowingly making false statements in a matter under federal jurisdiction is a criminal violation. These issues are raised in ECF No. 20 and support denial of the motion to dismiss."

15

This objection has nothing to do with the recommendations in the R&R to grant Defendants Jackson's and Lasalle Bank's motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and therefore it will be **OVERRULED** as irrelevant. *See El Bey*, 2024 WL 2952374, at *3; *McGibbon*, 2023 WL 8543146, at *3; *Dodson*, 2019 WL 1034215, at *5

## IV. CONCLUSION

For the reasons stated above, Plaintiff Cornelius Jones' Objections to Magistrate Judge Curtis Ivy, Jr.'s Order, ECF No. 27, and his R&R, ECF No. 29, are **OVERRULED.**

Magistrate Judge Ivy's Order, ECF No. 27, is **AFFIRMED**, and his R&R, ECF No. 29, is **ACCEPTED** and **ADOPTED**.

Further, Defendant Samuel Jackson's Motion to Dismiss, ECF No. 15, is **GRANTED** and Plaintiff's claims against him are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(2).

Finally, Defendant Lasalle Bank's Motion to Dismiss, ECF No. 19, is **GRANTED** and Plaintiff's claims against it are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(2).

This is not a final order and does not close the case.

**IT IS SO ORDERED.**

Dated: September 30, 2025  /s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE