UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIUS JONES,                                    Case No. 24-11164

                              Plaintiff,            Terrence G. Berg
v.                                                  United States District Judge

CHARLES OVERTON HOOD, *et*                          Curtis Ivy, Jr.
*al.*,                                              United States Magistrate Judge

                              Defendants.
_____/

## <u>ORDER DENYING PLAINTIFF'S MOTION TO AMEND (ECF No. 49)</u>

Presently before the Court is Plaintiff's latest attempt to amend his

complaint.  On September 23, 2025, the Court denied a separate motion to amend

because Plaintiff did not attach the proposed amended pleadings to his motion as

required under Local Rule 15.1.  (ECF Nos. 44, 46).  Afterward, Plaintiff filed an

amended complaint on September 25, 2025 without a correlative motion; notably,

Plaintiff signed those proposed pleadings on May 1, 2024.  (ECF No. 47).  Four

days later on September 29, Plaintiff filed a motion for leave to file the pleadings

at ECF No. 47.[1]  (ECF No. 49).  For the following reasons, Plaintiff's motion is

**DENIED**.

---

[1] Plaintiff has also submitted several filings which he has labeled as a "Notice," with some resembling pleadings without a related motion and others indicating compliance with Local Rules.  (ECF Nos. 51, 52, 53, 56).  Other filings are entitled "Notice of Motion" which are seemingly designed to inform the Court that Plaintiff has submitted a filing.  (ECF Nos. 55, 57).

## I.    BACKGROUND

For starters, Plaintiff did not attach his proposed pleadings to his motion to amend as this Court's Local Rules require, *see* E.D. Mich LR 15.1—a defect that affected Plaintiff's last motion to amend.  Apart from this procedural defect, Plaintiff's motion fails on its merits.

Plaintiff wishes to add factual allegations and legal claims "for the just resolution of this case." (ECF No. 49, PageID.276).  That said, Plaintiff's proposed pleading is light on factual allegations.  Plaintiff alleges that he and Paula M. Watkins entered into trust agreements and property transactions with Defendants Charles Overton Hood, Bank of America, and Samuel Jackson.[2]  (ECF No. 47, PageID.270).  He did not specify the role these Defendants played in the alleged agreements and transactions, which involved several properties in Chicago, Illinois.  (*Id.* at PageID.270-71).  Plaintiff also alleges that Defendants "knowingly and intentionally concealed, mismanaged, or fraudulently manipulated trust assets and property interests." (*Id.* at PageID.271).  Plaintiff did not specify which Defendant did what or what precisely Defendants did.

---

[2] Plaintiff originally sued Hood, Jackson, and Lasalle Bank.  (ECF No. 1).  Lasalle Bank is now Bank of America, N.A.  (ECF No. 11; ECF No. 29, PageID.179 n.1).  The Court dismissed Jackson and Lasalle Bank (e.g., Bank of America) without prejudice for lack of personal jurisdiction.  (ECF No. 50).

Plaintiff lodges four claims against Defendants, namely (1) breach of contract, (2) violations of civil and federal law, (3) fraud, and (4) concealment and mismanagement of trust assets.  (*Id.*).  In turn, Plaintiff asks for a combination of compensatory, declaratory, and injunctive relief.  (*Id.* at PageID.272).

## II.    ANALYSIS

A.    <u>Governing Standard</u>

Plaintiff moves to amend his pleadings pursuant to Federal Rule of Civil Procedure 15(a)(2).  Leave to amend the complaint should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But this does not mean that all motions to amend are automatically granted.  Courts consider several factors when assessing a motion to amend, specifically "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).  Amendment of a complaint is futile when the proposed amendment "'cannot withstand a Rule 12(b)(6) motion to dismiss."  *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Riverview Health Inst. LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)).

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all

allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels or conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 951, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him.  Neither may

the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J); *see also Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

B.   <u>Discussion</u>

Plaintiff's motion to amend is denied because the proposed amendment would be futile—that is, the proposed claims do not state plausible claims for relief.

Count I of Plaintiff's proposed amendment for breach of contract simply states that "Defendants violated the terms of trust and property agreements." (ECF No. 47, PageID.271). Under both Illinois and Michigan law, a breach of contract claim requires the plaintiff to establish the existence of a valid contract, show that Defendants breached the terms of that contract, and the alleged breach resulted in damages. *See Ivey v. Transunion Rental Screening Sols., Inc.*, 215 N.E.3d 871, 877 (Ill. 2022);[3] *Miller-Davis Co. v. Ahrens Constr., Inc.*, 848 N.W.2d 95, 104 (Mich. 2014) (footnote omitted). Plaintiff only alleged in a conclusory manner the

---

[3] Illinois law includes another element—substantial performance by the plaintiff.

existence of contract between the parties.  He also did not allude to any contractual

provisions or explain how each Defendant violated the provisions.  Put simply,

Plaintiff did not plead factual allegations from which the Court can reasonably

infer a breach of contract.

Count II only alleges that Defendants' conduct violated federal law.  But

Plaintiff did not identify the federal statutes Defendants violated.  Perhaps Plaintiff

relies on statutes identified in his original complaint.  (ECF No. 47, PageID.270

(attempting to incorporate Plaintiff's original complaint into the proposed

pleadings)).  But under Local Rule 15.1, a motion to amend cannot incorporate any

prior pleading by reference.  And in any event, Plaintiff did not allege a violation

of federal law in his original complaint.  Plaintiff cannot prevail on alleged

violations of federal law without identifying the statutes at issue and alleging how

Defendants may have violated those provisions.  Indeed, Federal Rule of Civil

Procedure 8(a)(2) requires "a short and plain statement of the claim showing that

the pleader is entitled to relief."  Plaintiff has failed to do so in Count II of his

proposed pleadings.

Count III alleges fraud.  Plaintiff asserts that "Defendants engaged in

deliberate misrepresentation and concealment." (*Id.* at PageID.271).  This claim is

deficient for several reasons.  To allege fraud, a plaintiff must do so with

particularity.  Fed. R. Civ. P. 9(b); *Farnsworth v. Nationstar Mortg., LLC*, 569 F.

App'x 421, 430 (6th Cir. 2014).  This means that, "a plaintiff, at a minimum, must allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) ("*Bledsoe II*") (citation modified). This particularity requirement also prohibits plaintiffs from relying on "group pleading"—that is, referring to Defendants collectively without specifying what each Defendant did.  *See United States ex rel. Nicholson v. Clarksville Pain Inst., LLC*, No. 3:20-cv-00309, 2025 WL 727901, at *4 (M.D. Tenn. Mar. 6, 2025); *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003) ("[E]ach defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct which he individuals stands charged.") ("*Bledsoe I*") (citation modified).

Plaintiff has only alleged fraud, mismanagement, and concealment without providing any details on each Defendant's allegedly fraudulent conduct.  Count III therefore lacks the particularity required and is futile as a result.  *See Farnsworth*, 569 F. App'x at 430; *Yaldoo v. Homecomings Fin., LLC*, 2009 WL 3388377, at *6 (E.D. Mich. Oct. 16, 2009) ("If plaintiffs fail to allege facts in keeping with the particularity requirement of Rule 9(b), plaintiffs fail to state a claim on which relief may be granted under Rule 12(b)(6).") (citation modified).

The final count in Plaintiff's proposed amendment is for the concealment and mismanagement of trust assets. (ECF No. 47, PageID.271). But Plaintiff did not allege any more than this. Simply reiterating the name of the cause of action is not enough to state a plausible claim for relief, let alone satisfy the pleading requirement under Rule 8(a)(2). There is simply no basis from which the Court can reasonably infer the violation of law Plaintiff alleges here.

In all, the allegations in the proposed pleadings consist of no more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" which are insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. As a result, Plaintiff's proposed claims are futile.

## III.   CONCLUSION

For the above-stated reasons, Plaintiff's motion is **DENIED**. Accordingly, Plaintiff's original complaint remains the operative complaint. (ECF No. 1). To avoid confusion, the proposed amended pleadings at ECF Nos. 45 and 47 are **STRICKEN** from the record.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R.

Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: November 5, 2025         s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 5, 2025.


                                              s/Sara Krause
                                              Case Manager
                                              (810) 341-7850